## Lipko's Estate.

R. P. Swank, for petitioners.

M. M. Burke and P. H. Burke, for administrator.

WILHELM, P. J., July 22, 1929.—This is the petition of Andrew Lipko, Anna Lipko and George Lipko, heirs-at-law of Michael Lipko, Sr., deceased, which sets forth that the register of wills issued to Michael Lipko, son of decedent, letters of administration.

It is asserted that Michael Lipko was convicted of the crime of incestuous fornication and bastardy in the year 1924 and was sentenced to three months' imprisonment and to pay for the support of the child and give bond with surety in the sum of $500, and that he has neglected or refused to pay for the support of the child or furnish a bond with surety as directed by the court;

that during said trial Michael Lipko testified that he was not a son of Michael Lipko, Sr., although he had the same mother as all the other parties in interest; that the administrator is insolvent and the interests of the estate are jeopardized by his continuing as administrator; and the petitioners ask that the administrator show cause why he should not be removed from his office.

An answer was filed, in which the administrator admits the averments in the first three paragraphs of the petition, but denies his guilt of the crime of which he was convicted. The administrator asserts that he is a son of Michael Lipko and recites the baptismal record of the Greek Catholic Church of Hazleton, Pa., in support thereof, and denies that he asserted at said trial that he was not a son of said decedent. The answer also avers that letters of administration were issued to him by the register of wills; that he has filed in the office of the register a bond satisfactory to the register; that he has filed his inventory and appraisement showing that the personal estate amounts to $180, and that it is his purpose to administer the estate lawfully, carefully and honestly.

No authority has been cited in support of the proposition that an administrator should be discharged after he has been duly appointed and qualified because he was convicted several years before of a crime and where it has not been shown that the interests of the estate are in jeopardy.

At the hearing it was asserted by the petitioners that they would withdraw their objection to the administrator acting in his fiduciary capacity if the administrator would make certain payments to one of the parties in interest claimed to be due and owing.

This action would indicate that the petitioners do not really believe that the interests of this estate are jeopardized in the hands of this administrator.

Under the facts as related, it cannot be said that sufficient cause has been shown for action on the part of the court, and the petition should be dismissed.

And now, July 22, 1929, the petition is dismissed.